833 F.2d 1024
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Christine C. CAMPBELL, Petitioner,
v.
DEFENSE LOGISTICS AGENCY, Respondent.
 No. 87-3135.
 United States Court of Appeals, Federal Circuit.
 Oct. 22, 1987.
 
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and NIES, Circuit Judge.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Christine C. Campbell appeals the final decision of the Merit Systems Protection Board, Docket No. PH07528510172, upholding the period of an indefinite suspension from her position in the Defense Logistics Agency prior to her removal. We affirm.
 
 OPINION
 
 2
 On November 19, 1984, Campbell received notice of a proposed indefinite suspension from her position with the Defense Logistics Agency, based on her indictment on November 1, 1984, on four counts of drug trafficking. That notice advised her that the suspension would remain in effect until (1) there was a disposition of the charges against her, or (2) sufficient evidence was obtained either to return her to duty or to support an administrative action against her, or (3) she entered a guilty plea.
 
 
 3
 In this appeal, petitioner asserts that the indefinite suspension should have been terminated by December 21, 1984, for either of two reasons, (1) her purported guilty plea or (2) that by that date the agency should have had sufficient evidence against her to take administrative action.*
 
 
 4
 1. The board's ruling that petitioner's plea agreement signed on December 21, 1984, did not constitute entry of a guilty plea thereby terminating the indefinite suspension is correct as a matter of law and fact. Campbell did not enter her guilty plea on December 21, 1984. As the plea agreement itself states, a court is not bound to follow the terms of the agreement. United States v. Campbell, No. 84-0170-01, Plea Agreement at 2-3 (M.D.Pa. Dec. 21, 1984). The agreement also indicates that Campbell would enter her guilty plea at a future time. Id. at 1 ("The defendant agrees to plead guilty.... At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is in fact guilty of the offense ..."). Moreover, Campbell could have moved to withdraw the agreement before sentencing. Fed.R.Crim.P. 32(d). Since Campbell did not enter her guilty plea until the court signed its Judgment and Probation/Commitment Order, which adjudged Campbell guilty of one count and dismissed the remaining three counts, on February 11, 1985, Campbell was not entitled to termination of the indefinite suspension on December 21, 1984, based on this provision of the Notice.
 
 
 5
 2. Petitioner also asserts that but for the agency's unreasonable delay in instituting removal proceedings, the indefinite suspension would have terminated earlier. Petitioner points out that the agency had knowledge of the investigation prior to her indictment in November, cooperated with the FBI, maintained contact with the FBI after her indictment, and knew that petitioner, most probably, would enter a guilty plea. Per petitioner, those facts establish that removal steps should have been taken at least by December 21 or very shortly afterwards.
 
 
 6
 Campbell was arrested on November 5, 1984. Immediately after Campbell's arrest, the agency requested the FBI's investigative files. The FBI refused this request. Thereafter, agency counsel telephoned the Attorney's Office to obtain documents such as the signed plea bargain agreement. These requests were also refused on legal and practical grounds.
 
 
 7
 Once the agency received the FBI's report on January 16, 1985, the agency conducted its own supplemental investigation. Only ten days passed, during which the agency interviewed a key informant-witness, before the agency proposed removal on January 25, 1985. Such evidence substantially supports the board's finding that the agency acted expeditiously.
 
 
 8
 The government raises an issue that continuing the indefinite suspension through the notice period for removal was proper. Petitioner does not assert that it was not. Accordingly, we do not address that issue.
 
 
 
 *
 With respect to petitioner's evidentiary objection, if the board considered the additional materials proffered by respondent after the hearing, we are unpersuaded that this would be an abuse of its discretion